## S. T. McGOWAN v. STATE.

No. A-6798.   Opinion Filed August 24, 1929.
Rehearing Denied August 31, 1929.
(279 Pac. 980.)

184

N. S. Corn, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Dewey county of driving an automobile while under the influence of intoxicating liquor, and was sentenced to serve a term of one year in the state penitentiary.

It is shown by the state's evidence that at the time charged defendant was intoxicated and drove an automobile along the streets of the town of Seiling.   Defendant denied that he was intoxicated at the time, but testified that, immediately after having driven the car he purchased a bottle of whisky, drank the entire contents, and was thereby made intoxicated, but that this occurred immediately after having driven the car. He pleaded guilty to being intoxicated.

Complaint is first made that the court erred in overruling defendant's application for a continuance.   The application was based on the absence of Buck Reber.   It is stated that, if present, he would testify he was working for defendant; that he saw him drive the car, and that he was not under the influence of intoxicating liquor. The application further states that the witness is in the state of Kansas temporarily, his exact whereabouts being unknown.   The case was called to trial on the 3d of May. This witness left Seiling on the 26th of April, preceding. Even if it be conceded that the application is in all things sufficient, the testimony of this witness is not of sufficient

importance to have changed the result of the trial; the overruling of the application does not require a reversal. Rose v. State, 8 Okla. Cr. 294, 127 Pac. 873; Gentry v. State, 11 Okla. Cr. 355, 146 Pac. 719.

The contention is further made that the county attorney was guilty of misconduct in asking about other instances of intoxication by defendant and in commenting thereon. Objections to questions upon this point were sustained, except that of one witness, who testified that he had seen defendant driving at other times both when intoxicated and when sober. This was evidently offered with a view of qualifying the witness, and as to his knowledge of the condition of defendant at the time charged, and as explaining his conduct at the time. The county attorney pushed this line of questioning too far.

Some brief argument is made that one of the jurors was disqualified by reason of having formed an opinion. The record, however, does not disclose that this juror sat upon the panel, or that defendant exhausted all his peremptory challenges.

From an examination of the entire record, it is clear that the evidence is sufficient to sustain the verdict and judgment, and no error requiring a reversal is shown. Under all the circumstances, however, the judgment is excessive, and is modified by reducing the punishment from one year in the penitentiary to six months in the penitentiary, and, as modified, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.